UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**SERVICE EXPERTS LLC, a Delaware limited liability company**

    **Plaintiff,**

v.   Case No: 5:23-cv-199-GAP-PRL

**AMERICAN SERVICE EXPERTS, LLC,**

    **Defendant.**

## ORDER

Before the Court, upon referral, is Defendant American Service Experts, LLC's, motion for reconsideration (Doc. 13), filed pro se by Michael Bathon. Mr. Bathon requests reconsideration of the Court's Order striking his answer to the plaintiff's complaint, motion for discovery, and certificate of service. (Doc. 11). The Court struck these filings because a pro se party cannot represent a corporation. *Id.* (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)).

However, Mr. Bathon requests reconsideration of the Court's Order, continuing to seek to represent Defendant, arguing that it "is unable to provide a defense due to its current financial circumstances, and . . . [that he has] made every effort to educate [him]self on corporate matters[.]" (Doc. 13). Mr. Bathon also provides a certificate of cancellation, "effectively dissolving the" defendant.[1] *Id.*

---

[1] Notably, this certificate was filed on May 23, 2023, after the commencement of this action on March 24, 2023. (Docs. 1 & 13).

While the Court appreciates Mr. Bathon's desire to represent Defendant given its financial circumstances, "a corporation's financial constraints do not excuse the requirement that it have legal representation in Court proceedings." *Textron Fin. Corp. v. RV Having Fun Yet, Inc.*, No. 3:09CV2-J-34TEM, 2010 WL 1038503, at *6 (M.D. Fla. Mar. 19, 2010). Indeed, "[p]ro se litigation is a burden on the judiciary . . . and the burden is not to be borne when the litigant has chosen to do business in entity form. He must take the burdens with the benefits." *United States v. Hagerman*, 545 F.3d 579, 582 (7th Cir. 2008) (first citing *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007); then citing *Cap. Grp., Inc. v. Gaston & Snow*, 768 F. Supp. 264, 265 (E.D. Wis. 1991)). Mr. Bathon has cited no case law supporting a contrary finding, and it appears that there is no such case law. Instead, it appears that case law from this District and others support the proposition that financial hardship fails to excuse a corporation (or other legal entity) from being represented by counsel. *See, e.g.*, *Robinson v. G.C.L. Constr., Inc.*, No. 0:17-CV-60084-KMM, 2017 WL 11726375, at *2–3 (S.D. Fla. Apr. 25, 2017) (corporation's "continued failure to retain counsel of record will result in that company remaining defaulted in this case") (citations omitted).

Accordingly, the motion for reconsideration (Doc. 13) is **denied**.

Finally, Defendant's deadline to acquire counsel under the Court's Order (Doc. 11), was extended to May 31, 2023. The instant motion was filed on May 30, 2023. Accordingly, the Court will grant Defendant an additional **fourteen days** from the date of this Order to secure counsel and respond to the Complaint. A failure to respond may result in default being entered.

- 3 -

**DONE** and **ORDERED** in Ocala, Florida on June 13, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 3 -